# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ANDRÉ JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN, Warden,<br><br>    Respondent. | No. CV 17-7439-RSWL (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION FOR LACK OF JURISDICTION AND/OR AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS** |

André Johnson ("petitioner") initiated this action on October 11, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges his June 4, 1987, conviction in the Los Angeles County Superior Court (Norwalk), pursuant to a plea bargain, in case number A471038, for three counts of robbery (Cal. Penal Code § 211). (2017 Pet. at 1[1]). Petitioner states that he was sentenced to "One (1) year consecutive imposed times three (3)." (2017 Pet. at 1, app. 1 (plea transcript)). He also acknowledges that on October 23, 1998, in Fresno County Superior Court case number F98612873-0, he was sentenced to 197 years to life as a "third striker." (2017

---

[1] For ease of reference, the Court uses the ECF-generated page numbers when referring to the 2017 Petition.

Pet. at 13). He contends -- without explanation -- that his 2017 Petition is not barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d) because he is "actual[ly] innocent." (Id.).

By way of background, the Court observes that on February 2, 2002, and January 30, 2003, petitioner filed habeas petitions in this Court, in case numbers CV 02-1457-NM (MAN) ("CV 02-1457"), and CV 03-700-NM (MAN) ("CV 03-700"), challenging his *1986* conviction in Los Angeles County Superior Court case number A916597 for various robbery charges for which he was sentenced to thirteen years and eight months in state prison. (CV 03-700, ECF No. 3 at 2). Petitioner sought federal habeas review of that conviction and the Ninth Circuit reversed the District Court's denial of habeas relief, and remanded for the issuance of a writ of habeas corpus. (Id. (citing Johnson v. Vasquez, 3 F.3d 1327 (9th Cir. 1993)). The state court did not retry the case, which was eventually dismissed on September 30, 1994, pursuant to California Penal Code section 1382.[2] (CV 03-700, ECF No. 3 at 3 (citations omitted)). Thus, petitioner is not incarcerated pursuant to case number A916597.

In the 2017 Petition, in his sole ground for relief, petitioner contends that his conviction in state case number A471038 "should ha[ve] been constructively vacated from a reversal it had run consecutive to[]," i.e., state case number A916597. (2017 Pet. at 6). He argues that his plea agreement in A471038 was breached following the reversal of state case number A916597, which it "had run consecutive to[]," and, because the 1986 conviction was reversed, his conviction in A471038 is "not legally supported, or running consecutive to anything on this earth as promised." (2017 Pet. at 16). He further contends that the 1986 conviction is being "illegally used as a strike"

---

[2] In his prior petitions to this Court, petitioner sought to have his arrest record in case number A916597 sealed and destroyed. (Case No. CV 03-700, ECF No. 3 at 3-4). It was noted in case number CV 03-700, that in case number CV 02-1457 petitioner "appeared to contend that he is improperly serving a sentence in connection with [state] Case No. 471038 in light of the federal habeas relief granted with respect to [state] Case No. 916597, which he labeled the 'controller case.'" (Case No. CV 03-700, ECF No. 3 at 6 n.5). Case No. CV 03-700 was dismissed for lack of jurisdiction because petitioner was not "in custody" on his 1986 conviction, but instead was "in custody" based on his 1987 conviction in case number A471038.

2

under California's Three Strikes law, resulting in his Fresno County Superior Court sentence of 197 years to life as a "third striker." (2017 Pet. at 17). He states that he only agreed to a plea bargain in case number A471038 "to avoid another 'racial discrimination'" as allegedly happened in case number A916579 where he was found guilty "by an all white jury . . . [and] could not risk it [happening] again" in case number A471038. (2017 Pet. at 17-18). Petitioner raised this claim in a habeas petition to the California Supreme Court on July 12, 2017, case number S243100, which that court denied on September 20, 2017, as follows:

> The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; In re Clark (1993) 5 Cal.4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive].) Individual claims are denied, as applicable. (See People v. Duvall (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity]; In re Miller (1941) 17 Cal.2d 734, 735 [courts will not entertain habeas corpus claims that are repetitive].)

(See http://appellate cases.courtinfo.ca.gov (brackets in original); Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings)).

**A.    PETITIONER IS NOT "IN CUSTODY" ON THE 1987 CONVICTION**

It appears that petitioner is not directly challenging the state conviction or sentence resulting in his *current* custodial status -- which appears to be pursuant to his 1998 conviction in Fresno County Superior Court case number F98612873-0. (See 2017 Pet. at 13). Title 28 U.S.C. § 2254, the statute under which petitioner brought his 2017 Petition, empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (holding "in-custody" requirement of habeas corpus statute not satisfied if sentence has already been served). Petitioner appears to have fully served

the three-year sentence resulting from his 1987 conviction, and to be currently incarcerated based on his 1998 conviction. Because he is not challenging the state conviction or sentence resulting in his current custodial status, he is not entitled to habeas relief under 28 U.S.C. § 2254. See Sheppard v. Paramo, 2016 WL 6604880, at *1 (C.D. Cal. Oct. 12, 2016) (a petitioner may satisfy the "in-custody" requirement with regard to an expired sentence if he can show that he is challenging a *current* sentence that was enhanced by an allegedly invalid prior conviction and the prior conviction *is still subject to collateral attack*) (citing Lackawanna Cty. Dist. Att'y v. Coss, 532 U.S. 394, 401-04, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001)). Because petitioner has not shown that his 1998 conviction is still open to either direct or collateral attack in its own right, he is not "in custody" under that conviction, and may not challenge it in a habeas petition.

Indeed, it appears that petitioner previously sought (and was denied) habeas relief with respect to his 1998 conviction in Fresno County Superior Court case number F98612873-0, in at least two previous habeas actions he filed in the Eastern District of California, and that in the later of those two actions he was "challenging a sentencing discrepancy under California's Three Strikes law." See, e.g., E.D. Cal. Case No. CV 02-5144-OWW-TAG, ECF No. 63 (adopting Report and Recommendation (ECF No. 58) and denying petition on the merits); E.D. Cal. Case No. 06-180-OWW-DLB, ECF Nos. 1 (habeas petition), 13 at 2-3, 5 (Findings and Recommendations regarding respondent's motion to dismiss), 25 (Order adopting Findings and Recommendations granting respondent's motion to dismiss the petition as successive and as barred by the statute of limitations).

Accordingly, it appears that the Court lacks jurisdiction over the 2017 Petition.

/
/
/
/
/
/

4

**B.     STATUTE OF LIMITATIONS**

The 2017 Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, petitioner pleaded guilty and was convicted in case number A471038 on June 4, 1987. (2017 Pet. at 1). In California, a defendant who enters a plea of guilty or nolo contendre has sixty days after rendition of the judgment to appeal that conviction, provided certain conditions are met. See Cal. Penal Code § 1237.5; Cal. R. Ct. 8.304(b), 8.308(a). Because petitioner did not appeal his conviction (2017 Pet. at 2), his judgment became final on August 3, 1987, at the expiration of the sixty-day period. For state prisoners, like petitioner, whose convictions became final prior to the AEDPA's enactment in 1996, the statute of limitations began to run on April 25, 1996, the day after the AEDPA was enacted, and expired on April 24, 1997. Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002); see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (petitioners, whose state convictions became final prior to AEDPA's enactment, have a "grace period" from April 25, 1996, to April 24, 1997). Petitioner filed the 2017 Petition on October 11, 2017. On its face, therefore, it appears that the 2017 Petition is barred by the statute of

---

[3] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

5

limitations by over twenty years, unless statutory[4] or equitable[5] tolling of the limitation period is warranted. No such tolling appears to apply here.

**C. CONCLUSION**

In light of the foregoing, **no later than November 20, 2017**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the 2017 Petition should not be dismissed for lack of jurisdiction, and/or as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

/
/
/
/
/

---

[4] The running of the AEDPA limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999).

[5] The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks and citation omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted).

**Failure to respond by November 20, 2017, will result in the 2017 Petition being summarily dismissed with prejudice for lack of jurisdiction and/or as barred by the statute of limitations**.

DATED: October 20, 2017

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE